IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EPHRIAM LAFATE SMITH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-903-L** |
| | § | |
| **QUICKEN LOANS and** | § | |
| **JULIE BOOTHE,** | § | |
| | § | |
| Defendants. | § | |

# ORDER

On April 19, 2021, Plaintiff brought this action against Defendants, alleging a single cause of action for negligence under state law. Although his Original Petition ("Complaint") does not expressly state that he filed this action in federal court based on diversity of citizenship, Plaintiff has asserted no claims that would support federal question jurisdiction so the court assumes that subject matter jurisdiction is based on diversity. None of the allegations in Plaintiff's Complaint regarding any of the parties in this case, however, are sufficient to support a determination that the court has jurisdiction over this action based on diversity of citizenship.

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted). A federal court has subject matter jurisdiction over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction and must

have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

As the party bringing this action and asserting jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Plaintiff alleges as follow regarding the parties and jurisdiction:

2. Plaintiff, Ephraim Lafate Smith . . . is a natural person and resident of Cedar Hill, Dallas County, Texas.

3. Defendant Quicken Loans is an Equal Housing Lender, licensed in 50 states including Texas through Detroit, MI location at 1050 Woodward Ave. Detroit, MI 48226 doing business in Wayne County, Michigan. Defendant may be served though [its] registered agent The Corporation Company, 40600 Ann Arbor Rd. East, Suite 201, Plymouth, MI 48170-4675, or wherever found.

4. Defendant Julie Boothe is [the] CFO of Quicken Loans, location at 1050 Woodward Ave. Detroit, MI 48226 doing business in Wayne County, Michigan. Defendant may be served though [its] registered agent The Corporation Company, 40600 Ann Arbor Rd. East, Suite 201, Plymouth, MI 48170-4675, or wherever found.

5. As a direct and/or proximate result of the incident made the basis of this lawsuit, Plaintiff incurred damages in the amount within the jurisdictional limits of this Court [between $300,000 and $1,000,000], exclusive of costs, pre- and post-judgment interest. Therefore, jurisdiction in this Court is proper.

Pl.'s Compl. ¶¶ 4-5 & 6.2

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc*., 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). In defining or explaining the meaning of the term "principal place of business," the Supreme Court has stated:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, [that is], the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Plaintiff's allegations do not satisfy the citizenship requirements for natural persons or corporations. Without more, Plaintiff's allegations regarding residency are insufficient to establish his citizenship, and his Complaint contains no information from which the court can determine whether he or Julie Boothe is domiciled in Texas or Michigan. Further, to the extent that Quicken Loans is a corporation, Plaintiff's allegations do not include Quicken Loans' state of incorporation or the location of its principal place of business, and its status as an "Equal Housing Lender" has no bearing on its citizenship.

Given these deficiencies, the court cannot determine whether there is complete diversity of citizenship between Plaintiff and Defendants, and it must presume that this suit lies outside of its limited jurisdiction unless Plaintiff can cure the jurisdictional deficiencies noted. *Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (N.D. Tex. 2017) (quoting *Howery*, 243 F.3d at 919). Plaintiff shall, therefore, file an amended complaint that cures the deficiencies noted by **July 28, 2021**.[*]

---

[*] If Plaintiff believes that Quicken Loans is a legal entity other than a corporation—for example a limited liability company or national bank—he must allege this in his amended complaint and set forth facts relevant to the type of legal entity alleged.

Failure to do so will result in the *sua sponte* dismissal without prejudice of this case for lack of subject matter jurisdiction, and the court will not extend this deadline.

    **It is so ordered** this 7th day of July, 2021.

                                              Sam A. Lindsay
                                              United States District Judge